**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco BENITEZ–VALENZUELA,**
**Defendant—Appellant.**

No. 05–30465.

D.C. No. CR–04–00132–RFC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided June 29, 2006.

Anna S. Peckham, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

724

MEMORANDUM *

Francisco Benitez–Valenzuela challenges his convictions for possession with intent to distribute methamphetamine and possession with intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1). He argues that the district court should have granted his motion to suppress evidence because border patrol agents allegedly detained him without reasonable suspicion. We affirm the district court.

Although we review de novo whether the agents' alleged encounter with Benitez–Valenzuela constituted an investigatory stop, we review the underlying factual determinations for clear error. *United States v. Michael R.*, 90 F.3d 340, 345 (9th Cir.1996) (citing *United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir.1994)).

Border patrol agents approached Benitez–Valenzuela and another individual in a bus depot. Agent Pawluk approached Benitez–Valenzuela and posed questions to him aimed at ascertaining his alienage (the other agent approached and questioned the other individual). Benitez–Valenzuela answered Agent Pawluk's questions, and was arrested for being an illegal alien.

The district court found that Benitez–Valenzuela could have easily ignored Agent Pawluk's questions and walked away. This factual finding is supported by the testimony of both agents, as well as Benitez–Valenzuela's testimony that the agents did not touch, use force against, or threaten him. Although on appeal Benitez–Valenzuela supplies rationales by which the district court might have discounted the agents' testimony, he has not demonstrated that the district court's factual finding was clearly erroneous. *See SEC v. Rubera*, 350 F.3d 1084, 1093–94 (9th Cir.2003) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct.

1504, 84 L.Ed.2d 518 (1985)) ("So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous . . . .").

Consistent with the district court's findings of fact, we conclude that the border patrol agents did not effect an investigatory stop of Benitez–Valenzuela. Agent Pawluk approached and questioned him, but that did not constitute an investigatory stop. *See United States v. Woods*, 720 F.2d 1022, 1026 (9th Cir.1983). It is therefore irrelevant whether the agents had reasonable suspicion of some criminal activity prior to questioning Benitez–Valenzuela, and his voluntary answers to the casual questions presented to him are admissible. *See id.*

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.